UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR ENRIQUE RIVERA GUZMAN,<br><br>                      Petitioner,<br><br>          v.<br><br>PAUL ARTETA, et al.,<br><br>                      Respondents. | 26 Civ. 2808 (DEH)<br><br>**OPINION**<br>**AND ORDER** |

DALE E. HO, United States District Judge:

On March 18, 2026, Oscar Enrique Rivera Guzman ("Petitioner" or "Mr. Rivera Guzman") was detained by Immigration and Customs Enforcement ("ICE") outside his home in the Bronx. Roughly three weeks later, Mr. Rivera Guzman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention and seeking, *inter alia*, his immediate release from ICE custody. *See* Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1. For the reasons stated below, the Petition is **GRANTED**.

## BACKGROUND

Oscar Enrique Rivera Guzman is a 19-year-old native and citizen of Honduras. Pet. ¶¶ 8, 22. He was brought to the United States by his mother when he was twelve and released on recognizance. Declaration of Deportation Officer Gilbert Beriso ("Beriso Decl.") ¶¶ 6, 8, ECF No. 12. He was granted deferred action pursuant to Special Immigrant Juvenile ("SIJ") status on December 19, 2024. Pet. ¶ 25. However, over the course of 2025, he was arrested on several occasions for various criminal offenses, including but not limited to robbery, possession of stolen property, possession of burglar tools, and criminal mischief. Beriso Decl. ¶¶ 18-34. However, he has not been convicted of any of these offenses. Pet. ¶ 26. And as described below, the charges stemming from these events were dropped, except for those stemming from his arrest on November

20, 2025. Resp'ts' Mem. in Opp. to Pet. ("Opp.") at 6, ECF No. 14 (conceding that ICE records do not reflect that any other charges remain pending). These charges are: (1) Criminal Possession of Stolen Property in the Fifth Degree, in violation of N.Y.P.L. § 165.40, a Class A misdemeanor; (2) Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, in violation of N.Y. VEH. & TRAF. LAW ("VTL") § 511(1)(a), a Class A misdemeanor; and a (3) Vehicle and Traffic Law Violation, in violation of VTL § 509(1), for an incident that occurred on November 20, 2025. The stolen property alleged in the criminal complaint is a New York State license plate. Pet. ¶ 26. These are the only pending charges against Mr. Rivera Guzman.

On December 2, 2025, USCIS terminated Mr. Rivera Guzman's deferred action, making him eligible for deportation despite the fact that his SIJ status remained approved. Pet. ¶ 27. On March 18, 2026, ICE officers detained Mr. Rivera Guzman outside his home in the Bronx. Pet. ¶ 28. In his arrest warrant, Respondents asserted that Mr. Rivera Guzman was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) ("Section 1226(c)"). Petitioner has been held at the Orange County Correctional Facility since his arrest. Pet. ¶ 28.

Roughly three weeks after Mr. Rivera Guzman was taken into custody, he filed a habeas petition challenging his detention as unlawful and seeking an order requiring release or provision of a bond hearing. Pet. at 23-24. That same day, this Court ordered that Mr. Rivera Guzman not be removed from the country to preserve the Court's jurisdiction. ECF No. 3. The Court further ordered Respondents to show cause as to why Mr. Rivera Guzman's Petition should not be granted pursuant to this Court's decision in *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486-87 (S.D.N.Y. 2025). The Government responded on April 7, 2026, conceding that *Lopez Benitez* applied but nonetheless arguing that Petitioner was subject to the mandatory detention provisions of Section 1226(c). *See* ECF No. 5. The Court directed the Government to include discussion of

2

this Court's decision in *Rueda Torres v. Francis*, No. 25 Civ. 8408, 2025 WL 3168759 (S.D.N.Y. Nov. 13, 2025) in their response brief, which was filed on April 13, 2026. *See* ECF Nos. 9-14, 17.

Pro bono counsel for petitioner requested an extension of time to file a Reply Brief in support of the Petition on April 20, 2026. The Court, however, has concluded that the Petition may be resolved in Petitioner's favor without the benefit of a Reply Brief, and therefore issues this Order.

**DISCUSSION**

This case turns on whether Mr. Rivera Guzman was detained on March 18, 2026 pursuant to one of two statutory provisions generally requiring *mandatory* detention of certain noncitizens: (1) as an "arriving alien" who is "seeking admission" to the United States under Section 235 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b); or (2) for certain criminal conduct under the recently-enacted 8 U.S.C. § 1226(c). If Mr. Rivera Guzman is subject to mandatory detention, then his Petition, on the facts presented here, must be denied. But if Mr. Rivera Guzman is subject to detention on a *discretionary* rather than a mandatory basis, then his detention violates the Due Process Clause because he was afforded no individualized analysis, including a determination regarding flight risk and/or danger to the community or an opportunity to appeal the Department of Homeland Security's ("DHS") detention decision to an immigration judge. *See Lopez Benitez*, 795 F. Supp. 3d at 498-99.

The discussion in this Opinion proceeds in three parts. First, in light of Respondents' concession that, at least initially, this case raises the same legal issues previously addressed in *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025), the Court applies that decision here and concludes that Mr. Rivera Guzman is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Second, the Court addresses Respondents' contention that Mr. Rivera Guzman is subject to mandatory detention for criminal conduct under Section 1226(c). As explained herein,

3

the Court concludes that Section 1226(c) does not require detention of Mr. Rivera Guzman because his pending charges do not constitute the essential elements of theft or larceny under New York law.  Third, the Court considers whether, in light of the above and the facts of this case, due process requires that the Petition be granted.

**I.        Application of *Lopez Benitez* to this Cases**

As Respondents acknowledge, this Court decided the first legal issue raised by Mr. Rivera Guzman in *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025).  That issue is whether he was detained pursuant to Section 235 of the INA, 8 U.S.C. § 1225(b) ("Section 1225(b)")— which generally provides for mandatory detention of an "arriving alien" who is "seeking admission" to the United States and is "not clearly and beyond a doubt entitled to be admitted"— or if he is subject to detention on a discretionary basis under a different provision.  That provision stands in contrast to Section 236 of the INA, 8 U.S.C. § 1226(a) ("Section 1226(a)"), which generally "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings."  *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see also Nielsen v. Preap*, 586 U.S. 392, 396-97 (holding that Section 1226(a) applies to noncitizens "present in this country"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) ("In the ordinary course, if the Department of Homeland Security (DHS) discovers that an alien is living in the United States without authorization, it may ... arrest and detain the alien pending a decision on whether the alien is to be removed from the United States. § 1226(a).").

Respondents concede that, with respect to the applicability of Section 1225(b), there are no material differences between the facts of this case and the facts of *Lopez Benitez*.  *See* ECF No. 5 at 2.  Given that the Government acknowledges that there are no material factual differences between Mr. Rivera Guzman's case and the circumstances in *Lopez Benitez*, the Court applies the

4

same legal standard from that case and determines that Section 1225(b) provides no basis for mandatory detention.

## II.    Detention Under § 1226(c)

In the alternative, Respondents assert that Mr. Rivera Guzman is subject to mandatory detention under the newly-adopted 8 U.S.C. § 1226(c).  This provision mandates detention when an alien in removal proceedings "is charged with," "is arrested for," "is convicted of," or "admits committing," or "admits having committed" "acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c).  Respondents argue that Mr. Rivera Guzman is subject to mandatory detention because he faces a pending charge for "knowing[] possession of stolen property," which, in their view, meet the essential elements of theft under New York law.  The Court finds this argument unavailing for several reasons.

To begin, Respondents concede that, based on this Court's prior Opinion in *Rueda Torres v. Francis*, No. 25 Civ. 8408, 2025 WL 3168759 (S.D.N.Y. Nov. 13, 2025), Section 1226(c) does not compel detention where charges have been dismissed.  "The plain language makes clear that detention is not mandatory if the criminal charges have been dropped." *Aguilar Lares v. Bondi*, No. 25 Civ. 1562, Memorandum Opinion and Order, ECF No. 18, at *9 (E.D. Va. Oct. 29, 2025).  Congress used the present tense "*is* charged with" as opposed to *was* or *has been* when defining the scope of the obligation to detain.  8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added).  "Under common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person is 'charged with' that crime, present tense." *Helbrum v. Williams Olson*, No. 25 Civ. 349, 2025 WL 2840273, at *5-6 (S.D. Iowa Sep. 30, 2025).  "Had Congress intended to make detention mandatory for anyone who *was* charged with larceny, it certainly knew how." *Aguilar Lares*, No. 25 Civ. 1562, ECF No. 18, at *9 (emphasis in original)

5

(citing *United States v. Atiyeh*, 402 F.3d 354, 364 (3d Cir. 2025).  Further, any interpretation of Section 1226(c) that required detention following an arrest or bringing of charges would "make the words 'is convicted of' superfluous," as no defendant could possibly proceed to a conviction without first being charged.  *Helbrum*, 2025 WL 2840273, at *6; *see also Corley v. United States*, 556 U.S. 303, 314 (2009) (citing presumption against superfluous language as one of the "most basic interpretive canons"); *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.").  Thus, while detention is mandatory immediately following an arrest, it is no longer required if charges are ultimately not filed.  Similarly, detention remains mandatory if charges are filed, but it is no longer required if a person is acquitted.  Any other interpretation would render superfluous the language in the statute requiring detention under circumstances other than when a person "is arrested for" or "is charged with" certain crimes.  Accordingly, Mr. Rivera Guzman cannot be subject to mandatory detention under Section 1226(c) on the basis of charges that have been dropped.

This conclusion does not end the inquiry, however.  Unlike Ms. Rueda Torres, Mr. Rivera Guzman is still subject to three pending charges in Bronx County Court: (1) Criminal Possession of Stolen Property in the Fifth Degree, in violation of N.Y.P.L. § 165.40, a Class A misdemeanor; (2) Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, in violation of VTL § 511(1)(a), a Class A misdemeanor; and a (3) Vehicle and Traffic Law Violation, in violation of VTL § 509(1), for an incident that occurred on November 20, 2025.  Respondents agree that the second and third charges do not provide a basis for mandatory detention.  Opp. at 14 n.4.  Instead, they assert that Criminal Possession of Stolen Property in the Fifth Degree meets the "essential elements" of "theft" under state law.  *Id.* at 15.

6

The Court cannot agree. The offense of criminal possession of stolen property fails to meet "the essential elements" of theft because it does not involve the *taking* of property. "A person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof." N.Y. PENAL LAW § 165.40. "Theft" is not defined in New York statutes, and so the Court turns to dictionary definitions, all of which include the act of "stealing" or "taking" property. *See, e.g., Theft*, Oxford English Dictionary, https://www.oed.com/dictionary/theft_n ("the felonious taking away of the personal goods of another"); *Theft*, Merriam-Webster, https://www.merriam-webster.com/dictionary/theft (1a : the act of stealing specifically : the felonious taking and removing of personal property with intent to deprive the rightful owner of it 1b : an unlawful taking (as by embezzlement or burglary) of property); *Theft*, Cambridge, https://dictionary.cambridge.org/us/dictionary/english/theft ("(the act of) dishonestly taking something that belongs to someone else and keeping it"). Plainly, mere "possession" of stolen property is not the same as "taking" it—and so the elements of possession of stolen property do not "constitute" the "essential elements" of theft. Respondents do not assert that Mr. Rivera Guzman has been charged with taking any property. Nor do they contend that he committed or admitted to committing such an act. Accordingly, the Court concludes that there is no basis for mandatory detention under Section 1226(c) on the basis of his current charges.

The same conclusion is compelled when looking at legal definitions of larceny, which is essentially what theft is. *See Theft*, Black's Law Dictionary (6th ed. 1990) ("A popular name for larceny. . . . The fraudulent taking of personal property belonging to another from his possession. . .") . The Federal Bureau of Investigation treats larceny and theft as a single category of crime, defining "larceny-theft" as "the unlawful taking, carrying, leading, or riding away of property from the possession or constructive possession of another." FBI, *2018 Crime in the United States:*

*Larceny-theft*, https://ucr.fbi.gov/crime-in-the-u.s/2018/crime-in-the-u.s.-2018/topic-pages/larceny-theft. The government has not attempted to distinguish "theft" from "larceny" for interpretation of Section 1226(c), *see* Opp. at 15, and so the Court analyzes whether criminal possession of stolen property in the fifth degree meets the elements of larceny under New York law. "A person is guilty of petit larceny when he *steals* property." N.Y. PENAL LAW § 155.25 (emphasis added). Thus, New York law defines larceny in the exact way that dictionary definitions define the word "theft." Indeed, as this Court held in *Rueda Torres*, "[c]learly, an essential element of 'larceny' is the actual taking of property." 2025 WL 3168759, at *6. And for the reasons described above, the elements of possession of stolen property do not "constitute" the "essential elements" of the legal definition of "larceny."

Respondents nevertheless point to the inclusion of Criminal Possession of Stolen Property in the Fifth Degree in Title J of the New York Penal Law, which is titled "Offenses Involving Theft" at § 155.00 to § 165.74. *See* Opp. at 15. Within Title J are sections relating to "Larceny" and "Robbery," neither of which include criminal possession of stolen property. Criminal possession of stolen property appears at the end of Title J in a miscellaneous final grouping of "other offenses *relating to* theft." N.Y. PENAL LAW, Article 165 (§ 165.00 to § 165.74) (emphasis added). The Government argues that the inclusion of criminal possession of stolen property in this section means that it meets "the essential elements" of theft under New York law. However, the Court concludes that inclusion in this section of the New York Penal Law carries little persuasive weight, as the section includes many crimes that do plainly do not, and which no reasonable person would contend, meet the "elements" of theft. *See Yates v. United States*, 574 U.S. 528, 543 (2015) (explaining the *noscitur a sociis* canon of statutory interpretation for interpreting words in a "list with other words" based on those surrounding words). The Court need look no farther than the crime immediately preceding Criminal Possession of Stolen Property in the Fifth Degree to find

the crime of "Fortune Telling" at Section 165.35. Also included in this category are "Fraudulent Accosting," "Jostling," and "Unauthorized Use of a Vehicle." *See* N.Y. PENAL LAW §§ 165.30, 165.25, 165.05. The fact that these offenses are included in the "other offenses relating to theft" subsection indicates that, while these offenses may be "relat[ed] to theft," New York law considers them to be of a fundamentally distinct nature—i.e. that their elements do *not* "constitute" the "essential elements" of theft. They therefore fall outside of the scope of Section 1226(c).

## III.    Due Process

Because Mr. Rivera Guzman is not subject to mandatory detention, he is subject to detention only on a discretionary basis under § 1226(a). *See Lopez Benitez*, 795 F. Supp. 3d at 483-91. And as in *Lopez Benitez*, there is no evidence here of "an individualized assessment as to . . . dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion." *Id.* at 496. "Indeed, there is no evidence of any exercise of discretion at all" in Respondents' decision to detain Mr. Rivera Guzman. *See Samb v. Joyce*, 2025 WL 2398831, at *3 (S.D.N.Y. Aug. 19, 2025). Thus, for the reasons given in *Lopez Benitez* and *Samb*, the Court holds that Mr. Rivera Guzman's arrest and detention violated his rights under the Due Process Clause. *See Lopez Benitez*, 795 F. Supp. 3d at 491-96.

### CONCLUSION

For the reasons stated above, Mr. Rivera Guzman's Petition, ECF No. 1, is **GRANTED**. Respondents are **ORDERED** to release Mr. Rivera Guzman from custody by April 17, 2026; and further, to certify compliance with the Court's order through a filing on the docket. Respondents are further **ENJOINED** from re-detaining Mr. Rivera Guzman "without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a)." *See Hyppolite v. Noem*, 808 F. Supp. 3d 474, 495 (E.D.N.Y. 2025). It is further

**ORDERED** that respondents are **ENJOINED** from denying bond to Mr. Rivera Guzman in any subsequent hearing on the basis that he be detained pursuant to 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(c)(1)(E) absent a change in relevant circumstances consistent with this Order; and it is further **ORDERED** that, if Mr. Rivera Guzman is granted bond, respondents be and are **ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2). *See Aguilar Lares*, No. 25 Civ. 1562, Order, ECF No. 19 (filed Oct. 29, 2025).

Counsel for petitioner may file an application for attorney's fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within the time provided by the Local Rules.

The Clerk of Court is respectfully directed to enter judgment in Mr. Rivera Guzman's favor pursuant to F.R.C.P. 58.

SO ORDERED.

Dated: April 16, 2026

New York, New York

_____
DALE E. HO
United States District Judge

10